# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LARRYEL LANIER WILLIAMS,**

    **Plaintiff,**

vs.                                                         **Case No. 4:18cv143-WS/CAS**

**RICK SCOTT,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a document, ECF No. 1, which was construed as a civil rights complaint. An Order was entered advising Plaintiff that it appeared from the case initiating document, ECF No. 1, that he may might be attempting to file documents in state court. ECF No. 3 at 4. If that were the case, Plaintiff was directed to file a notice of voluntary dismissal. *Id.* Furthermore, Plaintiff was advised that if he were attempting to file a § 2254 habeas petition, he should "voluntarily dismiss this case" because he could "not challenge a state criminal conviction in a civil rights case." *Id.* Despite that warning, Plaintiff proceeded with this case and was granted in forma pauperis status, ECF

Nos. 5-8. After Plaintiff paid the assessed initial partial filing fee, ECF No. 9, another Order was entered which required Plaintiff to file an amended complaint and explaining why the initial complaint was deficient. ECF No. 10. Plaintiff was informed that if he did not have a claim which concerned the conditions of his confinement, he should voluntarily dismiss this case. *Id.* Plaintiff was given until December 17, 2018, to file the amended complaint or notice of voluntary dismissal. *Id.* He was advised that if he failed to do so, a recommendation would be made to dismiss this action. *Id.*

As of this date, nothing has been received from Plaintiff. It appears that he has abandoned this litigation, although he did not file a notice of voluntary dismissal.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. See <u>Ciosek v. Ashley</u>, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily

vested in courts to manage their own affairs . . . . " <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on January 14, 2019.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ.**

Case No. 4:18cv143-WS/CAS

**P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**